**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                          Case No. 06-20405

JIMMY JAMIL,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION**

Pending before the court is Plaintiff's motion for reconsideration of the court's order sentencing the defendant to nine months of incarceration for his admitted violation of the terms of supervised release.

The court prospectively permitted Defendant to submit a motion for reconsideration in the event that he could substantiate a diagnosis of Generalized Anxiety Disorder (presumably 300.02 (DSM-IV-TR)) that was asserted as a mitigating explanation for his repeated acquisition and use of marijuana during supervised release. Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). The court does not intend to hold Defendant to an

exacting standard in this regard, but rather to fairly review the proffered additional information as at least informative and potentially pivotal in the court's evaluation of the defendant's violation.

Defendant proffers a January 11, 2010, letter written by Lorraine Applebaum, LMSW, CAAC.[1]  In the letter, Ms. Applebaum refers in passing to the defendant's "General [sic] Anxiety disorder," and states that "[i]t was determined" that it was "due to" this disorder that "he used marijuana to self-medicate."  Ms. Applebaum also notes that the defendant "was advised to seek treatment for his anxiety condition by his family doctor," but that "he was not in compliance with this recommendation for long periods." The defendant's lengthy history of repeated involvement with marijuana before and during his treatment and counseling opportunities speaks more convincingly of his approach to his problem than does Ms. Applebaum's explanation of self-medication, which in itself is not particularly mitigating.  Indeed, the notation that the defendant ignored the strong recommendations he was given by Ms. Applebaum or others specifically to seek medical help for his anxiety is more an aggravating than a mitigating fact.  The court is not persuaded that any sentence other than the one imposed is more appropriate.  Accordingly,

IT IS ORDERED that "Plaintiff's Motion for Reconsideration" [Dkt. # 15] is DENIED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

---

[1] The court understands these designations to be "Licensed Master Social Worker" and "Certified Advanced Addictions Counselor," respectively.  The court does not understand, nor has the defendant alleged, that a Licensed Master Social Worker or a Certified Advanced Addictions Counselor is qualified to render the kind of Diagnostic and Statistical Manual-based diagnosis that is asserted here.

Dated:  January 21, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 21, 2010, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-20405.JAMIL.DenyReconsideration.RHC.wpd